**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CASE NO.** 5:13-CV-373 |
| | : | |
| **v.** | : | |
| | : | |
| **$17,000.00 IN UNITED STATES** | : | |
| **FUNDS,** | : | |
| **Defendant Property.** | : | |
| | : | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### Nature of the Action

1.      This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: $17,000.00 in United States funds, (hereinafter "Defendant Property").

### The Defendant in Rem

2.      The Defendant Property consists of $17,000.00 in United States funds, seized from Nikia Simone Carrington, on March 26, 2013, on Interstate 75 North, in Jackson, Butts County, Georgia. The Defendant Property is presently in the custody of

the United States Marshals Service and has been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

3.      Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Butts County, Georgia, which is a place within the Middle District of Georgia.

6.      The seizure of the Defendant Property was adopted by the United States Department of Justice, Drug Enforcement Administration ("DEA"), which began administrative forfeiture proceedings.   On or about July 2, 2013, Nikia Simone Carrington, through her attorney, S. Michael Holmes, Esquire, 1745 Martin L. King Jr. Drive, Atlanta, Georgia, 30314, filed a claim with the DEA, after which the DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

7.      The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8.      On March 26, 2013, at approximately 3:00 a.m., Deputy Michael Broce of the Butts County Sheriff's Office ("BCSO") stopped a white Chevrolet Equinox for failing to maintain its lane and following too close, on Interstate 75 North near mile marker 203.

9.      Upon approaching the passenger-side of the vehicle, Deputy Broce detected an odor of a masking agent.

10.      Deputy Broce made contact with the driver, later identified as Alton Griggs ("Griggs"), and passenger of the vehicle, later identified as Nikia Simone Carrington ("Carrington"), and asked Griggs for his driver's license and vehicle information.

11.      While speaking to Griggs, Deputy Broce immediately detected a strong odor of marijuana coming from inside the vehicle.

12.      After obtaining Griggs' driver's license and vehicle information, Deputy Broce asked him to step to the rear of the vehicle.  At the rear of the vehicle, Deputy Broce explained the nature of the traffic stop to Griggs, and informed him that he was going to issue him a warning.

3

13.     The vehicle rental agreement revealed that the vehicle had been rented from Enterprise by Ernest Foxx ("Foxx"), who was not present at the time of the traffic stop.  Neither Griggs nor Carrington were listed as authorized drivers on the rented vehicle.

14.     When Deputy Broce asked Griggs about their itinerary, Griggs indicated that they had been visiting family in Tifton, Georgia, for the last couple of weeks.

15.     Deputy Broce returned to the passenger-side of the vehicle, and asked Carrington for her identification.   While obtaining her identification, Deputy Broce observed a large bag containing United States currency inside Carrington's purse.

16.     When Deputy Broce asked Carrington about their itinerary, Carrington indicated that they were returning to Atlanta, Georgia, after visiting Griggs' family for two days.

17.     Deputy Broce then asked Griggs if he had any contraband or weapons inside the vehicle, and Griggs stated that he had $9,000.00 in United States currency. When asked for consent to search the vehicle by Deputy Broce, Griggs did not give consent.

18.     Deputy Knight of the BCSO, arrived at the scene of the traffic stop, at the request of Deputy Broce, and utilized a dog, trained to detect the odor of certain controlled substances, ("K-9") to conduct a free air sweep of the vehicle.

19.     Prior to the K-9 walking around the vehicle, Deputy Broce asked Carrington to exit the vehicle, and asked her how much currency she had.  Carrington indicated that she had $17,000.00 inside of her purse, and opened her purse to show

4

Deputy Broce.  Deputy Broce observed that the currency was contained inside of a large plastic bag, and consisted of seventeen bundles secured with rubber bands.

20.    The K-9 gave a positive alert to the front passenger-side door area of the vehicle.  Based on the positive alert by the K-9, a search of the vehicle was conducted.

21.    During the search of the vehicle, a small amount of marijuana was located on the front passenger floor and seat.  A cigar "blunt" and masking agent were also located in the front cabin of the vehicle.

22.    When asked by Deputy Broce about the currency, Carrington stated that the currency inside of her purse had been withdrawn from her bank, and that it all belonged to her.  Griggs stated that half of the currency belonged to him.

23.    At the BCSO, Deputy Knight conducted a controlled sweep of the seized currency, and the K-9 gave a positive alert for an odor of narcotics on the currency.

24.    A criminal history records check revealed that Griggs, Carrington, and Foxx, have had prior arrests for narcotics violations.

25.    The Defendant Property was seized for a total amount of $17,000.00 in United States funds.

### *Conclusion*

26.    Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to

5

be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, September 30, 2013.

MICHAEL J. MOORE
UNITED STATES ATTORNEY


By:    s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.  052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712